IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN ARCHIE HURLEY, :
:
    Plaintiff : CIVIL NO. 1:CV-12-1735
:
v. : (Judge Rambo)
:
RONNIE HOLT, *et al.*, :
:
    Defendants :

## M E M O R A N D U M

**I.    Background**

Plaintiff Allen Archie Hurley, an inmate currently incarcerated at the United States Penitentiary at Florence ADMAX ("USP Florence ADMAX") in Florence, Colorado, commenced this civil rights action with a complaint filed on August 30, 2012, as amended on December 18, 2012. (Doc. 17.) In his amended complaint, Plaintiff makes several allegations with respect to an assault by staff at his former place of confinement, USP-Canaan, and subsequent inadequate medical care.

By order dated December 18, 2012, the court directed service of the amended complaint on all Defendants named therein. (Doc. 16.) On March 18, 2013, Defendants filed a motion to dismiss and for summary judgment.[1] (Doc. 23.)

---

[1] From a review of a notice of appeal filed by Plaintiff in the United States Court of Appeals for the Third Circuit, it appears that Plaintiff believed that Defendants' motion to dismiss and for summary judgment is not a proper answer to his amended complaint. (*See* Doc. 36.) Plaintiff is advised that Defendants' motion is a proper answer at

-1-

After the court granted a motion for an extension of time, (Doc. 27), Defendants filed a supporting brief and a statement of material facts on May 1, 2013. (Docs. 32 & 33.) Pursuant to M.D. Pa. Local Rule 7.6, Plaintiff had twenty-one (21) days from the service of Defendants' brief to file a brief in opposition to the motion. Within that time period, Plaintiff failed to file any opposition or request an extension of time in which to do so. Therefore, by order dated May 28, 2013, the court directed Plaintiff to file a brief in opposition on or before June 11, 2013. (Doc. 37.) The order also warned Plaintiff that failure to comply with the order would result in the motion to dismiss and for summary judgment being deemed unopposed and this action would be dismissed without a merits analysis. (*See id.*) *See also* M.D. Pa. Local Rule 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). On June 5, 2013, Plaintiff filed an "Appellant brief." (Doc. 39.) This brief, however, was not responsive to Defendants' motion to dismiss and for summary judgment. In addition, on June 13, 2013, Plaintiff filed a letter with the court requesting an extension of time to file legal briefs. (Doc. 41.) The court construed this letter as a motion for an extension of time, and by order dated July 30, 2013, granted the extension, affording Plaintiff until August 29, 2013, to file

---

this stage in the litigation, and only if the court denies any part of the motion will Defendants be directed to further answer the amended complaint.

his brief in opposition to the motion to dismiss and for summary judgment. (*See* Doc. 44.)

To date, Plaintiff has failed to file any opposition to the motion to dismiss and for summary judgment, or seek another extension of time in which to do so. However, the court notes the following. On May 21, 2013, Plaintiff filed his own motion for summary judgment. (Doc. 35.) He did not file a supporting brief. Therefore, by order dated June 10, 2013, the court deemed withdrawn Plaintiff's motion for summary judgment for failure to file a supporting brief. (Doc. 40.) *After* the court deemed withdrawn his motion, and *after* the court granted him an extension of time to file his opposition to the motion to dismiss and for summary judgment, on September 9, 2013, Plaintiff filed a brief in support of his own motion for summary judgment. (Doc. 45.) As that brief was filed untimely, it will not be accepted for filing. Therefore, despite Plaintiff's ability to file a brief in support of his own motion for summary judgment, albeit untimely, to date he has failed to file his opposition to the motion to dismiss and for summary judgment, and has not sought another extension of time in which to do so.

Therefore, for the reasons set forth below, the motion to dismiss and for summary judgment will be deemed unopposed and granted without a merits analysis; Plaintiff's amended complaint will be dismissed with prejudice for failure

to prosecute and for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b); and, the Clerk of Court will be directed to close the case.

## II. Discussion

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). In *Link*, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [footnote omitted] The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . . .

*Id.* at 629-30.

The Third Circuit Court of Appeals held in *Stackhouse* that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. *Id.*, 951 F.2d at 30. However, in reaching

this holding, the Court of Appeals did not vitiate the Supreme Court's decision in *Link*, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. *Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.*

*Stackhouse*, 951 F.2d at 30 (emphasis added); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . . [N]ot all of the *Poulis* factors[2] need be satisfied in order to dismiss a complaint . . . . Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss

---

[2] The Court of Appeals in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

-5-

constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

In the instant case, Plaintiff was directed to comply with the requirements of Local Rule 7.6[3] in the court's May 28, 2013 order directing him to file a brief in opposition, and was warned of the consequences of failing to timely file his opposition. (Doc. 37.) Further, Plaintiff was granted an extension until August 29, 2013 by order dated July 30, 2013. (Doc. 44.) Even so, to date Plaintiff has failed to file a brief in opposition or seek another extension of time in which to do so. Further, Plaintiff has submitted another, unrelated document since being afforded that extension of time to file his brief in opposition to the motion to dismiss and for summary judgment. (*See* Doc. 45.) As a result, the court concludes that Plaintiff's dilatoriness in filing his brief in opposition outweighs any of the other considerations set forth in *Poulis*. *See supra* note 2, at 4. Accordingly, the court will deem the pending motion to dismiss and for summary judgment to be unopposed and grant the motion; dismiss the amended complaint in this action

---

[3] Middle District Local Rule 7.6 provides that a party opposing any motion, other than a motion for summary judgment, must file a brief in opposition to the motion within fourteen (14) days, and that if the opposition is not filed within the required time, he or she will be deemed not to oppose the moving party's motion. Further, a brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order; and, direct that this case be closed.

An appropriate order will issue.

                                    s/Sylvia H. Rambo
                                   United States District Judge

Dated: October 7, 2013.